UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TCYK, LLC | ) | |
| | ) | Case No.: 14-cv-01377 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| DOES 1-23 | ) | |
| | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO QUASH AND FOR MISCELLANEOUS RELIEF**

Defendant DOE, identified solely as IP Address 71.57.11.93 (hereinafter "DOE 7" or "Defendant") in a recently received subpoena (attached as Exhibit A), by and through its counsel, moves this Court for an order 1) Quashing the subpoena to Comcast Cable Holdings, LLC as to DOE 7, and 2) Severing DOE 7 from the present matter; or in the alternative, 3) a protective order permitting DOE 7 to proceed anonymously in court records as "DOE 7."

**I.    BACKGROUND**

Plaintiff TCYK, LLC ("TCYK") is a Nevada corporation located in Los Angeles, CA. In the last year, TCYK embarked on a wide-ranging copyright trolling enterprise, filing hundreds of identical lawsuits across the country. TCYK has alleged copyright infringement against literally many hundreds, if not thousands of individual Does in Illinois alone.

The present matter is just the latest filing by TCYK in a long line of sketchy accusations against anonymous Does. As set forth herein, these actions have been resisted in the past, and are being rejected by Courts in increasing number and frequency. A growing number of courts and judges in Federal District Courts are reaching a consensus that the swarm joinder

method implemented by TCYK is unsupportable under FRCP Rule 20, due to TCYK's systemic abuse of judicial resources and based on inadequate evidence, at best. As with the previous TCYK cases, swarm joinder is improper here as well and should be rejected.

The present complaint relies on little more than its bare assertion that DOE 7, identified simply as an IP address, took part in a BitTorrent swarm that allegedly distributed and/or reproduced Plaintiff's copyrighted work. The instant complaint was filed on February 26, 2014 and the Plaintiff's *ex parte* March 12th motion for early discovery was granted the next day without hearing or opposition. DOE 7 did not even learn of the present action until its Internet Service Provider recent notification of the action. DOE 7 herein makes its first arguments after receiving notification of the Complaint.

### II.    JOINDER IS IMPROPER

Plaintiff has alleged that each defendant in a swarm of many Does is one of many Internet users improperly downloading and/or uploading the copyrighted work at issue. As per the attachment to the complaint, DOE 7 is identified only by the Internet Protocol ("IP") address assigned to it by an internet service provider. Plaintiff's failure to clearly and properly identify the alleged swarm or to show simultaneous participation in the alleged swarm means that the present case is inappropriate for joinder and DOE 7 should be severed and dismissed from this action.

####    a.   JOINDER IS IMPROPER UNDER FRCP 20(a)

Federal Rule of Civil Procedure 20(a)(2) provides that a Plaintiff may join multiple defendants in a single case where: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro R. 20(a)(2). Plaintiff's

swarm joinder theory has been considered and rejected by multiple Illinois district courts where the defendants' alleged actions were not concurrent. See *Malibu Media v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013); *CP Productions, Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at* 1 n.2 (N.D. Ill. Feb. 24, 2011); See also *TCYK, LLC v. Does* 1:13-cv-03828 (N.D. Ill. June 24, 2013) (Doc. #10, where Judge Guzman severed and dismissed all but the first Doe).

Swarm joinder is a theory relied upon by the Plaintiff in the present case. However, swarm joinder is disfavored and is under heavy scrutiny due to the potential for abuse. In the orders granting severance and dismissal, Judge Guzman relied on the Court in *Malibu Media, LLC v. Reynolds*, which held that participation in a BitTorrent swarm alone is not sufficient to permit joinder:

> Despite its cooperative design, the BitTorrent protocol's architecture alone does not compel the conclusion that anonymous defendants who download copies of the same file from the same swarm are engaged in a common transaction or series of transactions for the purposes of Rule 20(a)(2). Where a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data. Furthermore, it is impossible for defendants who are not in a swarm coextensively to exchange any pieces of a file.

*Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013).

Plaintiff's failure to show that the Doe Defendants participated simultaneously in a swarm is insufficient to meet the Rule 20(a)(l)(A) requirement that the Defendants acted "out of the same transaction, occurrence, or series of transactions or occurrences". See Fed. R. Civ. Pro 20(a)(l)(A); see also *Zambezia Film (Pty) Ltd. v. Does 1-33*, No. 13 C 1323, 2013 WL 1181587, at *2 (N.D. Ill. Mar. 20, 2013). The Court in *Zambezia Film v. Does 1-33* explained:

> When considering whether John Does have been properly joined, judges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the same swarm at the same time as one another. If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed from the action. Generally, this means that a plaintiff would be unable to join every member of a swarm that exists for a protracted period of time. Rather, the plaintiff would have to show that all the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all the defendants were present in the swarm at the same time. Such a time period would usually span hours rather than days or months.

*Zambezia Film (Pty) Ltd. v. Does 1-33*, No. 13 C 1323, 2013 WL 1181587, at *2 (N.D. Ill. Mar. 20, 2013) quoting Sean B. Karunaratne, The Case Against Combating Bittorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits, Ill Mich. L. Rev. 283, 292-93 (2012).

Other Courts have also recently agreed that swarm joinder does not satisfy Rule 20(a). *Kill Joe Nevada, LLC v. Does 1-57, 2013* US Dist. LEXIS 74994 (N.D. Ga. May 28, 2013); *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74824; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74845; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74970; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74971; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74977; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74973; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74983; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74980; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74986; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 74988; *Kill Joe v. Does*, 2013 U.S. Dist. LEXIS 7500; *X-Pays, Inc. v. Does* 1-34, 2013 U.S. Dist. LEXIS 96241 (S.D. Ill. June 2013); *Private Lenders Group, Inc. v. Does* 1-17, 2013 U.S. Dist. LEXIS 121643 (E.D. Mo. August 27, 2013); *Georgia Film Fund Four, LLC v. Does 1-61*, 2013 U.S. Dist. LEXIS 101566 (N.D. Ga. July 19, 2013); *On The Cheap*, 2011 U.S. Dist. LEXIS 99831,

at *4-5 (N.D. Ca. September 6, 2011); *K-Beech, Inc. v. John Does 1-47*, 1:11-cv-02968-WSD (ECF No.7) (N.D.Ga. Sept. 30, 2011).

In the instant case, the alleged dates of the Doe Defendants' alleged infringing activities span an entire month. (See Subpoena, Ex. A - November 25, 2013 through February 2, 2014). Plaintiff has therefore failed to plead and cannot show simultaneous infringement by the Doe Defendants or that they acted in concert as part of a swarm at the same time as one another. Joinder of Does 1-23 is therefore improper as to the presently represented DOE 7, in addition to all of the other Doe Defendants except Doe 1, should be severed and dismissed from this action.

b. SEVERANCE IS PROPER UNDER FRCP 21

TCYK seeks to gain improper advantage by joining large groups of individuals together into its complaints. By using this technique, TCYK avoids paying the filing fees it would have to in order to bring a complaint. This is one of the most basic and minimal hurdles to preventing frivolous lawsuits. Without such a basic control in place, there exists a substantial incentive for plaintiffs to be far too over-inclusive in making their accusations. As a policy consideration, this type of behavior should be strongly discouraged as the workload it heaps on the Court is disproportionately larger than the fees it has offered. This not only places an undue burden on the Court, it also places undue burden on the Defendants.

Federal Rule of Civil Procedure 21 provides that "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. Pro. 21. "It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.,* 209 F .3d 1008, 1016 (7th Cir. 2000).

The individualized nature of copyright infringement claims also supports severance pursuant to Rule 21. *See Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618,

*14 (N.D. Ill. Mar. 7, 2013) ("it is unlikely that judicial economy will be achieved by trying what are, in essence, 23 separate cases simultaneously" and "[e]ach defendant is likely to assert a unique defense based on his or her situation, and will likely have to present evidence of that defense separately and independently") ("individualized issues related to each Doe defendant's defense would wash away any judicial economy that may have been achieved through a plaintiffs mass-litigation strategy"); see also *Digital Sins, Inc. v. John Does 1-245*, No. 11 CIV. 8170 CM, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) ("Trying 245 separate cases in which each of 245 different defendants would assert his own separate defenses under a single umbrella is unmanageable"). "The only economy that litigating these cases as a single action would achieve is [the] economy to plaintiff ... of not having to pay a separate filing fee for each action brought"); *PHE, Inc. v. Does 1-27*, 2013 U.S. Dist. LEXIS 101647 (E.D. Mo July 22, 2013).

In addition to manageability concerns, the court noted that the defendants' only apparent relation to one another was their use of peer-to-peer technology. Forcing them to litigate as a group would prejudice the defendants because a) each defendant would be required to serve every other defendant with pleadings, and many of those defendants would not be e-filers; b) each defendant would have the right to be at every deposition, creating unmanageable situations; c) courtroom proceedings would become equally unmanageable with all defendants present and each requiring his or her own "mini-trial". The serious procedural, case management and fairness concerns that arise in actions such as this outweigh any convenience or cost-savings on plaintiff's part. "Indeed, payment of a separate filing fee for its claim against each Defendant properly balances the Plaintiff's right to protect its copyright with the Court's interest in cost-efficient adjudication of cases." *Breaking Glass Pictures, LLC v. Does 1-99* (13-cv-882), *Breaking Glass Pictures, LLC v. Does 1-66* (13-cv-883), *Breaking Glass Pictures v. Does 1-48* (13-cv-886), *Breaking Glass Pictures, LLC v.*

*Does 1-13* (13-cv-888), and *Breaking Glass Pictures, LLC v. Does 1-16* (13-cv-890, 2013 U.S. Dist. LEXIS 76134 (N.D. Ga. Aprilll, 2013) (Totenberg, A.) (severing all defendants except John Doe 1 under Rule 20(a) because different hit dates and times did not support plaintiff's theory that the defendants were acting in concert, and under Rule 21 because judicial economy would not be enhanced, and in fact numerous logistical burdens would be created, by joining the defendants.)

Litigating this action with 23 Doe Defendants, each with their own factual and legal defenses, would be inefficient, expensive, and result in a multitude of dispositive motions and discovery issues, separate and individual to each defendant and create innumerable logistical burdens. Cost-effectiveness, judicial economy and overall fairness strongly outweigh the Plaintiff's concerns as to paying its fair share of fees to the Court. As such, DOE 7 and all of the other Doe Defendants except Doe 1 should be severed and dismissed from this action pursuant to Rule 21. Should DOE 7 be severed and dismissed from this action, the subpoena to Comcast related to DOE 7 should therefore be quashed, as no claims will be pending relating to DOE 7.

**IV. CONCLUSION**

Defendant respectfully seeks an Order 1) Severing DOE 7 from the present matter and 2) Quashing the subpoena to Comcast Cable Holdings, LLC as to DOE 7; or in the alternative, 3) a protective order permitting DOE 7 to proceed anonymously in court records as "DOE 7." Defendant DOE 7 further requests any other relief the Court deems appropriate.

Dated: _04/11/14__

Respectfully submitted,

s/David Oskin_____
David Oskin
150 N. Michigan Ave., Ste. 2800

Office: 312.890.2527
Fax: 312.277.9002
david@caliberip.com

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing has been filed electronically with the Clerk of Court on _04/11/14__ and served upon the following counsel of record via the electronic case management and filing system:

Michael Hierl [mhierl@hsplegal.com]
Todd Parkhurst [tparkhurst@hsplegal.com]
Hughes Socol Piers Resnick DYM, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, IL 60602

                                                s/David Oskin_____
                                                David Oskin
                                                Caliber IP, LLC
                                                150 N. Michigan Ave., Ste 2800
                                                Office: 312.890.2527
                                                Fax: 312.277.9002
                                                david@caliberip.com